# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JONATHAN MCKINLEY, individually and on behalf of and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOXIM, INC.,<br><br>Defendant. | Case No. 2:24-CV-11550-TGB-CI<br><br>Hon. Terrence G. Berg<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
| BRUCE NAROLIS, individually and on behalf of and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOXIM, INC.,<br><br>Defendant. | Case No. 2:24-cv-11587-TGB-CI<br><br>Hon. Terrence G. Berg<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
| ROSE MCNICHOLS, individually and on behalf of and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOXIM, INC. and ST. LOUIS COMMUNITY CREDIT UNION,<br><br>Defendants. | Case No. 2:24-CV-11599-TGB-CI<br><br>Hon. Terrence G. Berg<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLDIATE CASES AND APPOINT INTERIM CO-COUNSEL (ECF No. 5)

The Court has reviewed Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Counsel submitted by Plaintiffs Jonathan McKinley, Bruce Narolis, and Rose McNichols, as well as the accompanying exhibits. ECF No. 5. Defendant Doxim, Inc. filed a concurrent in part with Plaintiffs' motion, concurring with Plaintiffs' request to consolidate the above-referenced matter and Related Cases, and taking no position in regard to Plaintiffs' request relating to the appointment of Interim Lead Counsel. ECF No. 9.

The Court finds that consolidation and appointment of interim co-lead class counsel in this proposed class action will promote judicial efficiency and orderly case management while avoiding unnecessary cost and delay.

Therefore, **IT IS ORDERED** that the Motion is **GRANTED** as set forth below:

1. Pursuant to Fed. R. Civ. P. 42(a), the Court hereby consolidates *McKinley v. Doxim, Inc.*, No. 2:24-cv-11550 (filed June 13, 2024); *Narolis v. Doxim, Inc.*, No. 2:24-cv-11587 (filed June 18, 2024);

and *McNichols v. Doxim, Inc.*, No. 2:24-cv-11599 (filed June 19, 2024), under the new title "*In re Doxim, Inc. Data Security Incident Litigation*" (each a "Related Action" and together the "Consolidated Action").

2. No further filings shall be made in *Narolis v. Doxim, Inc.*, No. 2:24-cv-11587 or *McNichols v. Doxim, Inc.*, No. 2:24-cv-11599, which shall both be administratively closed. All pleadings therein maintain their legal relevance until the filing of the Consolidated Complaint. The Consolidated Complaint shall be filed within the next 45 days, as further set forth below. This Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations.

3. All papers previously filed and served to date in the Related Actions are deemed part of the record in the Consolidated Action.

4. Defendants shall file a Notice of Related Case whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If any party objects to such consolidation or otherwise wishes to seek alternative relief, they shall do so within ten (10) calendar days. If the Court determines that the case is related, the

clerk shall:

    a.    Place a copy of this Order in the separate docket for such action;

    b.    Serve on plaintiff's counsel in the new case a copy of this Order;

    c.    Direct this Order to be served upon any additional defendant(s) in the new case; and

    d.    Make the appropriate entry on the Master Docket.

5.    The Court shall enter a scheduling order for further pretrial proceedings as soon as is reasonably practicable.

6.    Plaintiffs in the Consolidated Action shall file an operative Consolidated Complaint within 45 days of the date of this Order. Defendants shall have 45 days from the date on which Plaintiffs file the Consolidated Complaint to file a response thereto. In the event that any Defendant's response is a motion to dismiss, Plaintiffs shall have 30 days to file their opposition brief, and that Defendant shall have 21 days to file a reply brief.

**IT IS FURTHER ORDERED** that, having given due consideration to the relevant factors set forth in Rule 23(g)(1) and (4), including, without limitation, Rule 23(g)(1)(A)(i)-(iv), and finding that the proposed counsel meet the adequacy requirements thereunder, the

following are appointed and shall serve as overall Plaintiffs' Interim Co-Lead Counsel, in accordance with Federal Rule of Civil Procedure 23(g)(3):

1. E. Powell Miller of The Miller Law Firm;
2. Mariya Weekes of Milberg Coleman Bryson Phillips Grossman PLLC;
3. Bryan L. Bleichner of Chestnut Cambronne PA;
4. Jeff Ostrow of Kopelowitz Ostrow P.A.

Plaintiffs' Interim Co-Lead Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action. Specifically, Interim Co-Lead Counsel shall have the following responsibilities, duties, and sole authority to:

a. Draft and file the master consolidated complaint, and have final authority regarding what claims and parties are to be included;

b. Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

c. Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the

5

    United States District Court for the Eastern District of Michigan;

- d. Consult with and employ consultants and/or expert witnesses;

- e. Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

- f. Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

- g. Enter into stipulations and agreements with Defendant;

- h. Sign all papers filed on behalf of Plaintiffs and the putative class;

- i. Convene meetings of all Plaintiffs' counsel, as necessary;

- j. Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

- k. Conduct settlement negotiations with Defendant;

- l. Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendant's counsel of changes thereto;

- m. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings correspondence, and other documents from Defendant's counsel or the Court that are not electronically filed;

- n. Appear at Court-noticed status conferences and hearings;

6

o.    Be the contact persons for all Plaintiffs' counsel and as the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

p.    Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

q.    Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

r.    Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by Plaintiffs' counsel whose work Interim Co-Lead Counsel has specifically authorized, and submit at the Court's request, in writing, *ex parte* and *in camera* reports to the Court regarding time billed in the prosecution of this action. At such time as may be appropriate, Co-Lead Counsel will also recommend appointment and allocation of fees and expenses subject to court approval;

s.    Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

t.    Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further Order of the Court.

It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the

independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through Co-Lead Interim Counsel.

**IT IS FURTHER ORDERED** that all other Plaintiffs' counsel who are or may become involved in the Consolidated Action are prohibited from taking any action on behalf of the putative class in this Consolidated Action without advance authorization from Interim Co-Lead Counsel, except for an application to modify or be relieved from this Order.

**IT IS FURTHER ORDERED** that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.

**IT IS FURTHER ORDERED** that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the

Local Rules of the United States District Court for the Eastern District of Michigan.

It is hereby **ORDERED** that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

**IT IS SO ORDERED.**

Dated: October 24, 2024        /s/Terrence G. Berg
                               HON. TERRENCE G. BERG
                               UNITED STATES DISTRICT